NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221071-U

NO. 4-22-1071

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 26, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| KEIARA PETZ, | ) | Appeal from the |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| CORY PETZ, | ) | No. 22OP2161 |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer M. Ascher, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Turner and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The petition adequately stated a basis for the entry of an order of protection, and
the trial court's entry of a plenary order of protection is affirmed where there is no
report of proceedings allowing review of the sufficiency of the evidence.

¶ 2     An emergency order of protection was entered against respondent Cory Petz in

favor of his ex-wife, petitioner Keiara Petz; the order also protected the parties' minor children.

Following a hearing, a plenary order of protection was entered on essentially the same terms as

the emergency order. Respondent now appeals, contending that (1) the petition here failed to set

forth a basis for the entry of an order of protection and (2) the evidence presented at the hearing

was similarly insufficient.

¶ 3     We affirm.

¶ 4                                  I. BACKGROUND

¶ 5 Petitioner filed her petition seeking entry of emergency and plenary orders of protection on November 21, 2022. The petition alleged a number of historical incidents of abuse, including theft of money, including from the children's piggy banks; punching petitioner's dog; tackling petitioner to the ground when she was nine months pregnant; and having a vase thrown at her. The most recent events alleged, however, related to an online scheme that respondent allegedly created. An online profile of a woman named "Kiara" was created; in the scheme, Kiara was represented to be a friend of petitioner and worked at the same restaurant with her. Petitioner claimed that she discovered this scheme when a man came looking for petitioner at the restaurant. The man asked petitioner if Kiara was okay and indicated that he believed he had been texting with petitioner for a long time. The man showed petitioner a photo of "Kiara" and pages of texts from a person purporting to be petitioner. The man eventually realized that he had been tricked into sending money to "Kiara" for some time; the payments were sent to an electronic payment address petitioner recognized as respondent's. Petitioner alleged she later saw a picture of the woman identified by the man as "Kiara" on respondent's Facebook page.

¶ 6 Petitioner alleged that this incident led her to fear for her safety. She was concerned that a stranger knew her name, her place of work, and when she would be at work, and that he had come looking for her by name; she was concerned that her personal information might have been shared with other strangers as part of a similar scheme. The incident led her to feel unsafe in her own home, so she and her children stayed with her mother until the police investigated the incident further.

¶ 7 The trial court entered an emergency order of protection and set the matter for a December 8, 2022, hearing on petitioner's request for a plenary order of protection. The emergency order of protection expired by its own terms on December 8.

¶ 8         The record does not contain a report of the December 8, 2022, proceedings before the trial court. The clerk's record sheet indicates that petitioner introduced the electronic payment application records as an exhibit at the hearing. The court entered a plenary order of protection, which listed both petitioner and the parties' minor children as protected parties. Respondent was, however, permitted to resume visitation with his children. The order reflects that respondent was personally present in court on December 8.

¶ 9         This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11        We begin by noting that petitioner, as appellee, has not filed a responsive brief in this matter. However, as the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief, we will address the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corporation*, 63 Ill. 2d 128, 133 (1976).

¶ 12        The first issue raised by respondent is whether there was a basis for the entry of the emergency order of protection and whether he received adequate notice of it. Because the emergency order expired and was replaced by the plenary order of protection, however, any issues pertaining to the emergency order are now moot. *Hedrick-Koroll v. Bagley*, 352 Ill. App. 3d 590, 592 (2004). We therefore decline to address any issue with respect to the emergency order of protection or notice of its entry.

¶ 13        Though respondent's brief is somewhat unclear, it appears that he is also arguing that the petition failed to allege acts sufficient to support the plenary relief ultimately afforded to petitioner. He suggests that the incidents described in the petition do not satisfy the applicable statutory definitions of conduct supporting the entry of an order of protection. The Illinois Domestic Violence Act of 1986 defines abuse as both "physical abuse" and "harassment." 750

ILCS 60/103(1) (West 2020). It further defines "harassment" to include "knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances" and which causes "emotional distress to the petitioner." *Id.* § 103(7).

¶ 14 Here, the petition alleges both physical abuse (tackling petitioner to the ground) and infliction of emotional abuse as a result of the fraudulent scheme that disclosed petitioner's personal information. The latter was alleged to be the result of intentional acts by respondent, which caused petitioner to be upset and alarmed. Intentional acts which "cause someone to be worried, anxious, or uncomfortable" constitute harassment under the statute, and the offending conduct "need not involve any overt act of violence." *People v. Reynolds*, 302 Ill. App. 3d 722, 728 (1999). We find that the petition adequately stated a basis for relief.

¶ 15 Finally, respondent argues that the evidence presented at the hearing was insufficient to justify the entry of a plenary order of protection. The record on appeal, however, contains no report of proceedings from the hearing to allow us to review the sufficiency of the evidence presented. It is an appellant's burden to present a sufficiently complete record of the proceedings below to support a claim of error; in the absence of such a record, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis, and any doubts which may arise from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). As there is no report of proceedings from the hearing at issue, we must presume that the evidence presented supported the trial court's decision.

¶ 16 III. CONCLUSION

¶ 17 For the reasons stated above, the judgment of the trial court is affirmed.

¶ 18 Affirmed.